IN THE DISTRICT COURT FOR THE STATE OF ALASKA AT ANCHORAGE

| | |
|---|---|
| HOWARD DASH, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | COMPLAINT |
| ) | |
| UNITED SERVICES ) | |
| AUTOMOBILE ASSOCIATION ) | |
| ) | |
| Defendant ) | |
| ) | |
| ) | |
| _____ ) | Case No. 3AN-14-___CI |

## COMPLAINT

NOW COMES the Plaintiff, Howard Dash, by and through his undersigned attorney, James W. Crowson, and sues United Services Automobile Association, Defendant, and alleges as follows:

1. Plaintiff, for all times mentioned herein, was a resident of the Borough of Anchorage, State of Alaska.

2. At all times herein mentioned, Defendant United Services Automobile Association, was an insurer licensed and authorized to do business in Alaska.

3. The accident described below occurred in the Anchorage Borough, and, as a result, venue properly lies with this honorable Court.

4. Jurisdiction properly lies with this honorable Court.

5. That on or about October 17, 2011, at approximately 12:01 a.m., the Plaintiff, Howard Dash was operating his 2006 GMC Northbound on A St. in Anchorage, Alaska at its intersection with 16th Ave.

CROWSON LAW GROUP
255 E. FIREWEED LANE
SUITE 103
ANCHORAGE, ALASKA
907-263-9393

*Howard Dash vs United Services Automobile Association*
Plaintiff's Complaint
Page 1 of 8

USAA Confidential

Case 3:14-cv-00046-JWS   Document 1-1   Filed 03/07/14   Page 1 of 16

6. That on or about October 17, 2011, at approximately 12:01 a.m., an individual named Jvonchee Walker, was operating a 1998 Ford Expedition on 16th Avenue, in an Easterly direction at its intersection with A St. in Anchorage, Alaska.

7. That on or about October 17, 2011, at approximately 12:01 a.m. Jvonchee Walker, negligently operated, maintained and controlled said automobile by failing to yield her vehicle in a safe manner, so as to cause her vehicle to collide into the front of the vehicle being operated by the Plaintiff, Howard Dash.

8. That on the occasion in question Jvonchee Walker was negligent in the following particulars, among others, to-wit:

a.   Failure to keep her vehicle under control;

b.   Failure to give full time and attention;

c.   Failure to keep a proper lookout;

d.   Failure to yield to avoid collision;

e.   Unreasonable operation of a vehicle under conditions existing;

f.   Failure to obey traffic control devices;

g.   Negligent driving;

h.   Reckless driving;

i.   Failure to yield right of way.

9. That the collision hereinabove stated was due to the sole negligence of Jvonchee Walker, without any comparative negligence whatsoever by the Plaintiff, Howard Dash.

10. As a direct and proximate result of the collision described above, Plaintiff was caused to sustain severe and permanent injury; caused to incur medical bills, lost wages and expenses; and was caused to endure pain and suffering. Furthermore, Plaintiff was precluded from enjoying his usual avocations.

11. The injuries, grievances and damages as hereinabove set forth, were caused by the carelessness, negligence, and recklessness of Jvonchee Walker as stated herein, without any carelessness or negligence on the part of the Plaintiff contributing thereto.

*Howard Dash vs United Services Automobile Association*
Plaintiff's Complaint
Page 2 of 8

CROWSON
LAW GROUP
255 E. FIREWEED LANE
SUITE 103
ANCHORAGE, ALASKA
907-263-9393

12. That as a further direct and proximate result of the negligence of the Jvonchee Walker, the Plaintiff, Howard Dash, has been forced to expend large sums of money for hospitalization, x-rays, nurses, medical treatment and for medicine for the treatment of the aforesaid injuries.

13. As a direct and proximate result of the collision described above, Plaintiff complained at the scene of this accident of chest pain, neck pain and leg pain and had to be transported by ambulance to the emergency department of Alaska Regional Hospital, in Anchorage, Alaska.

14. Once he was admitted to the emergency department, Plaintiff was seen by Dr. Nancy Kragt, who examined Mr. Dash and directed him to undergo various diagnostic tests designed to determine whether he had suffered any serious injuries.

15. Dr. Kragt diagnosed Plaintiff as having suffered an avulsion to left hand, neck strain, chest wall strain and a hematoma on right lower leg.

16. Dr. Kragt's diagnoses were correct.

17. The treatment rendered during Plaintiff's October 17, 2011 visit to the emergency department at Alaska Regional Hospital was necessary to diagnose and treat Mr. Dash's injuries suffered in the collision described above.

18. The charges for the treatment rendered during Plaintiff's October 17, 2011 visit to the emergency department at Alaska Regional Hospital were reasonable.

19. On October 20, 2011, Plaintiff Howard Dash presented to Alaska VA Healthcare System in Anchorage, Alaska with complaints of a large hematoma of the right anterior shin and chest pain.

20. Plaintiff was seen by his primary care physician, Dr. Brian A. Laufer, who examined Mr. Dash and directed him to undergo various diagnostic tests designed to determine whether he had suffered any serious injuries as a result of the collision described above.

21. Dr. Laufer diagnosed Plaintiff as having a likely tibial plateau fracture and a large hematoma on right lower extremity. Dr. Laufer referred Mr. Dash for an orthopedic evaluation.

22. Dr. Laufer's diagnoses and referral were correct.

CROWSON
LAW GROUP
255 E. FIREWEED LANE
SUITE 103
ANCHORAGE, ALASKA
907-263-9393

*Howard Dash vs United Services Automobile Association*
Plaintiff's Complaint
Page 3 of 8

USAA Confidential

23. Plaintiff was seen by Logan B. Hull, PAC, on a referral from Dr. Laufer. Mr. Hull examined Mr. Dash and directed him to undergo various diagnostic tests designed to determine whether he had suffered any serious injuries as a result of the collision described above.

24. Mr. Hull diagnosed Plaintiff as having a right tibial plateau fracture and a right knee effusion.

25. Mr. Hull recommended and obtained consent from Plaintiff to perform a procedure on his right knee. This procedure consisted on aspirating 60mls of blood from his right knee.

26. Mr. Hull's diagnosis, recommendations and procedure were reasonable and correct.

27. On October 30, 2011, Plaintiff followed up with his primary care physician, Dr. Brian A. Laufner. Plaintiff presented wearing a knee brace, with complaints of knee pain, neck pain and mid-chest pain.

28. Dr. Laufner recommended Plaintiff to continue his pain management program and to follow up as needed.

29. Dr. Laufner's recommendations were correct.

30. On November 3, 2011, Dr. Laufner followed up with Plaintiff via phone call. Plaintiff related to his primary care physician that he continued to have chest wall pain, and that it hurt when he pushed across the upper chest and on the upper sternum. Plaintiff also requested an elevated toilet seat with handles, due to his poor medical condition. Dr. Laufner ordered the elevated toilet seat per Plaintiff's request.

31. On November 21, 2011, Plaintiff presented himself for an orthopedic follow up evaluation with James E. Ware, PAC, with complaints of worsening left knee pain, due to compensation for his right knee effusion, as a result of the collision described above.

32. Mr. Ware examined Plaintiff and conceded that a left knee steroid injection was reasonable due to Mr. Dash's injuries.

33. Mr. Ware proceeded to inject Plaintiff's left knee with steroids.

*Howard Dash vs United Services Automobile Association*
Plaintiff's Complaint
Page 4 of 8

CROWSON
LAW GROUP
255 E. FIREWEED LANE
SUITE 103
ANCHORAGE, ALASKA
907-263-9393

USAA Confidential

34. Mr. Ware's impressions and procedure were correct.

35. On December 13, 2011, Plaintiff presented himself for an orthopedic follow up evaluation with James E. Ware, PAC, with complaints of right knee hematoma, left shoulder and neck stiffness and right ankle swelling, all as a result of the collision described above.

36. Mr. Ware examined Plaintiff and diagnosed him with a right knee lateral tibial plateau fracture, an improving right lower leg hematoma and a right ankle sprain.

37. Mr. Ware's diagnoses were correct.

38. On September 24, 2012, Plaintiff presented wearing bilateral hinged knee supports, for an orthopedic follow up evaluation with Logan B. Hull, PAC, with complaints of his right knee giving way, causing him to fall several times.

39. Mr. Hull examined Plaintiff and noted that the collision described above and "the tight knee tibial plateau fracture undoubtedly aggravated his pre-existing osteoarthritis, certainly, in the right knee, and likely both knees. He is to continue ibuprofen on an as-needed basis, with food. His recent falls are probably due to sudden right knee pain and the knee giving way. He has wheeled walker and should use when outdoors. Continue use of bilateral knee supports".

40. Mr. Hull's impressions were correct.

41. The treatments rendered during Plaintiff's several visits to Alaska VA Healthcare System were necessary to diagnose and treat Mr. Dash's injuries suffered in the above referenced collision.

42. The charges for the treatment rendered during Plaintiff's visits to Alaska VA Healthcare System were reasonable.

43. On December 19, 2011, Plaintiff presented himself to Orthopedic Physicians Anchorage, with complaints of right knee pain, right ankle pain and left shoulder pain, seeking a second opinion as to the injuries he suffered in the above referenced collision.

44. Plaintiff was seen by Robert J. Hall, MD, who examined Mr. Dash and directed him to undergo various diagnostic tests designed to determine whether he had suffered any serious injuries as a result of the above described collision.

45. Dr. Hall diagnosed Plaintiff as having suffered: 1. An avulsion fracture, medial

CROWSON
LAW GROUP

255 E. FIREWEED LANE
SUITE 103
ANCHORAGE, ALASKA
907-263-9393

*Howard Dash vs United Services Automobile Association*
Plaintiff's Complaint
Page 5 of 8

malleolus, right ankle; 2. Lateral tibial plateau fracture, right knee and 3. Left shoulder pain and limited range of motion.

46. Dr. Hall's diagnoses were correct.

47. The treatment rendered during Plaintiff's December 19, 2011 visit to Orthopedic Physicians Anchorage was necessary to diagnose and treat Mr. Dash's injuries suffered in the collision described above.

48. The charges for the treatment rendered during Plaintiff's December 19, 2011 visit to Orthopedic Physicians Anchorage were reasonable.

49. On February 13, 2012, Plaintiff presented himself to Soma Wellness, in Anchorage Alaska, with complaints of low back pain, neck pain, knee and shin pain, wrist pain, clavicle and shoulder pain, right ankle pain and abdominal pain.

50. Plaintiff was seen by Amy Conklin, DC, who examined Mr. Dash and directed him to undergo various diagnostic tests designed to determine whether he had suffered any serious injuries as a result of the above described collision.

51. Dr. Conklin diagnosed Plaintiff as having cervical strain, thoracic strain, sprain of ribs and muscle spasm.

52. Dr. Conklin's diagnoses were correct.

53. Plaintiff followed up in several more occasions with Dr. Conklin, in an effort to obtain relief from his symptoms. Dr. Conklin's diagnosis remained the same.

54. The treatments rendered during Plaintiff's visits to Soma Wellness were necessary to diagnose and treat Mr. Dash's injuries suffered in the collision described above.

55. The charges for the treatment rendered during Plaintiff's visits to Soma Wellness were reasonable.

56. The vehicle operated on the date and time of the litigated collision by Jvonchee Walker was covered by an Alaskan liability insurance policy issued by Geico Insurance Company.

57. The liability insurance policy issued by Geico Insurance Company contained a limit of liability of $50,000 per person/$100,000 per accident, plus applicable Rule 82 attorney fees and interest.

CROWSON
LAW GROUP
255 E. FIREWEED LANE
SUITE 103
ANCHORAGE, ALASKA
907-263-9393

*Howard Dash vs United Services Automobile Association*
Plaintiff's Complaint
Page 6 of 8

USAA Confidential

Case 3:14-cv-00046-JWS   Document 1-1   Filed 03/07/14   Page 6 of 16

58. On August 20, 2012, Geico offered to pay $50,000 liability limits plus applicable Rule 82 attorney fees and interest to settle Plaintiff's bodily injury claim arising from the accident.

59. Defendant United Services Automobile Association underwrote an insurance policy on the 2006 GMC driven by Plaintiff at the time of the litigated collision ("the USAA policy").

60. The USAA policy provided, in part, that an "insured" under the policy would be covered under the policy's "underinsured motorist" provisions.

61. Plaintiff Howard Dash was an "insured" under the terms of the USAA policy.

62. The USAA policy provided that an "insured" would be entitled to benefits under the UIM portion of the policy if there were not adequate limits available under a liability policy to compensate the "insured" for damages suffered in an automobile collision.

63. The USAA policy required that an "insured" must obtain the consent of United Services Automobile Association before settling with a liability insurance company in an automobile accident and, further, that the policy limits available under the liability policy were inadequate to indemnify the "insured" for the damages suffered before United Services Automobile Association would make payment.

64. On May 16, 2013, Plaintiff approached defendant United Services Automobile Association in an effort to obtain consent from Defendant to settle with the liability insurer. (Please see Exhibit 1, attached)

65. On May 21, 2013, defendant United Services Automobile Association gave its consent to plaintiff Howard Dash to settle with Geico. (Please see Exhibit 2, attached)

66. Plaintiff Howard Dash received $59,701.16 from Geico.

67. The amount received from Geico was inadequate to indemnify Plaintiff for his losses suffered in the litigated collision.

CROWSON
LAW GROUP
255 E. FIREWEED LANE
SUITE 103
ANCHORAGE, ALASKA
907-263-9393

*Howard Dash vs United Services Automobile Association*
Plaintiff's Complaint
Page 7 of 8

WHEREFORE, plaintiff prays judgment against defendant, as follows:

1. For general damages.

2. For all medical and incidental expenses according to proof.

3. For all loss of earnings according to proof.

4. For indemnification for all losses incurred by Plaintiff as a result of the litigated collision.

5. For costs of suit herein incurred.

6. For such other and further relief as the court may deem proper.

7. That this case be tried by jury.


Respectfully submitted on this the 4th day of ~~January~~ February, 2014.

CROWSON LAW GROUP

By: _____
James W. Crowson, ABA #1105038
Attorney for Howard Dash

CROWSON
LAW GROUP

255 E. FIREWEED LANE
SUITE 103
ANCHORAGE, ALASKA

907-263-9393

*Howard Dash vs United Services Automobile Association*
Plaintiff's Complaint
Page 8 of 8

USAA Confidential



# CROWSON LAW GROUP

255 E. Fireweed Lane, Suite 103
Anchorage, AK 99503
(907) 263-9393

May 16, 2013

*Sent via facsimile transmission to 1-800-531-8669*
Danny P. Theda
USAA Mountain States Regional Office
PO Box 659460
San Antonio, TX 78265

Re:   Our Client: Howard Dash
      DOL: October 16, 2011
      Your insured: Howard Dash
      Your claim #: 025247611-3

Dear Mr. Theda:

As you will recall, I represent the above-named insured in an action to recover for personal injuries suffered in an automobile accident on October 17, 2011. As you will further recall, I have been negotiating with Geico Insurance Company regarding the inadequate minimum liability policy carried by the at-fault driver.

To this point, Geico has taken the position that, despite a broken leg and almost $60,000 of documented lost wages, Mr. Dash's claim was worth less than the $50,000 per person limit. You will recall that we filed a lawsuit earlier this year. Geico has since revised their position somewhat, and offered $50,000 to settle this nice man's claim – but has thus far refused to pay the required Rule 82 interest and attorneys fees.

Procedurally, it is now appropriate for me to file a Rule 68 Offer of Judgment for the full policy limits. However, because I am reasonably sure that Geico will tender their inadequate policy limits, I am asking now for your principal's consent to settle with the at-fault driver before we extend such an offer.

When I attempted to contact you earlier today, I learned that you were not in the office until next week. One of your colleagues was kind enough to help me and suggested that such consent could be given if I could provide evidence of the policy limits. Accordingly, I am attaching hereto a copy of Geico's declarations page produced during discovery for this lawsuit.



EXHIBIT 1

Howard Dash
May 16, 2013
*Page 2*

I ask that you please attend to this matter at your earliest convenience. Also, please contact me immediately in the event that you need more information in order to conduct your investigation and extend USAA's consent.

Thank you for your assistance. I look forward to working together with you on this important claim.

With warmest regards,

James W. Crowson

Enclosure

(Page 1 of 1)



| | GEICO Indemnity Company |
|---|---|

One Geico West Box 509119
San Diego, CA 92150-9119
One Geico West Box 509119
San Diego, CA 92150-9119

1/28/2013

Ms. Verona Williams
7632 Creekside Center Dr APT T4
Anchorage, AK 99504

**Company Name:** Geico Indemnity Company
**Claim Number:** 019492819-0101-012
**Loss Date:** Monday, October 17, 2011
**Policyholder:** Verona Williams
**Driver:** Jvonchee Walker

Dear Ms. Williams,

The accident that occurred on October 17, 2011 has resulted in at least one Bodily Injury coverage claim. Our preliminary investigation has revealed that the total claims may exceed your coverage limit of 50/100.

We will make every effort to settle all claims within your coverage limit. If we are unable to do so, you are hereby notified that you may be exposed personally for any amount in excess of your limits. Please be advised that you have the right to obtain your own attorney, at your own expense, to protect your interests in excess of the policy limits. If you have any other Bodily Injury coverage, please notify that carrier and us immediately.

We will notify you if we are unable to settle all claims. Please contact us should you have any questions.

Sincerely,

Sue Smith, Examiner Code J386
907-561-8100 x11
Claims Department

EC0018 (01/2007)



**GEICO INDEMNITY COMPANY**
P.O. Box 509090
San Diego, CA 92150-9090

Tel: 1-800-841-3000

Date Issued: August 15, 2011

VERONA V WILLIAMS
APT T4
7832 CREEKSIDE CENTER DR
ANCHORAGE AK 99504-5201

Email Address: veroniquemateo@yahoo.com

# Declarations Page

This is a description of your coverage.
Please retain for your records.

**Policy Number: 1887-46-08-04**
**Coverage Period:**
09-28-11 through 03-28-12
12:01 a.m. local time at the address of the named insured.

| Insured | Additional Drivers |
|---|---|
| Verona Williams | None |

| Vehicle | VIN | Vehicle Location | Finance Company/ Lienholder |
|---|---|---|---|
| 1 1998 Ford Expedition | 1FMPU18L1WLB86772 | Anchorage AK 99504 | |

| Coverages* | Limits and/or Deductibles | Vehicle 1 |
|---|---|---|
| **Bodily Injury Liability** | | |
| Each Person/Each Occurrence | $50,000/$100,000 | $112.00 |
| **Property Damage Liability** | $50,000 | $112.10 |
| **Medical Payments** | $5,000 | $36.50 |
| **Uninsured & Underinsured Motorists** | | |
| Each Person/Each Occurrence | $50,000/$100,000 | $52.20 |
| **Underinsured Motorist Property Damage** | $25,000 | $22.70 |
| **Comprehensive** | $500 Ded | $45.20 |
| **Collision** | $500 Ded | $160.20 |
| **Emergency Road Service** | Full | $20.30 |
| **Rental Reimbursement** | $30 Per Day | $20.20 |
| | $900 Max | - |
| **Total Six Month Premium** | | $581.40 |

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

T-0
DEC_PAGE (10-09) (Page 1 of 2)

Continued on Back
Renewal Policy Page 7 of 14

USAA Confidential

**Discounts**

| | |
|---|---|
| **The total value of your discounts is** | **$167.60** |
| Renewal (All Vehicles) | $116.30 |
| 5 Year Good Driving (All Vehicles) | $51.30 |

**Contract Type:** A30AK
**Contract Amendments:** ALL VEHICLES - A30AK CRA233AK
**Unit Endorsements:**   CRA115 (VEH 1); CRA431 (VEH 1)

---

### Important Policy Information

-Active Duty, Guard, Reserve or Retired Military: Call 1-800-MILITARY to see if you qualify for the Military Discount.

-Please verify that the coverages you requested are accurately reflected on your policy Declaration sheet. Other coverages and limits may also be available. Enclosed you will find a form that will assist you in making any needed changes to the Uninsured Motorist Coverages shown.

-Reminder - Physical damage coverage will not cover loss for custom options on an owned automobile, including equipment, furnishings or finishings including paint, if the existence of those options has not been previously reported to us. This reminder does NOT apply in VIRGINIA and NORTH CAROLINA. Please call us at 1-800-841-3000 or visit us at geico.com if you have any questions.

---

0901119c8e37ff3c
USAA Confidential
Case 3:14-cv-00046-JWS   Document 1-1   Filed 03/07/14   Page 13 of 16



USAA Property and Casualty Company
9800 Fredericksburg Road
San Antonio, Texas 78288

**To:** Crowson

**Fax** 1-877-420-9613

**From:** Theda, Danny

**Fax**

**Messages:**

| | |
|---|---|
| Policy Service | 1-800-531-8111 |
| Member Acquisition Services | 1-800-531-8080 |
| Claims Service | 1-800-531-8222 |
| For Most European Locations | 00-800-531-81110 |

Date and time of transmission: Friday, May 24, 2013 11:43:58 AM
Number of pages including this cover sheet: 03

CONFIDENTIALITY NOTICE: The information contained in this facsimile transmission is CONFIDENTIAL and may be protected by one or more legal privileges. It is intended solely for the use of the addressee identified above. If you are not the intended recipient, you are hereby notified that reading, copying, disclosing, or distributing this transmission is STRICTLY PROHIBITED. The sender does not waive and has not waived any applicable privilege by sending the accompanying transmission. If you have received this transmission in error, please notify the sender immediately by telephone, and we will arrange to have the transmission returned to the sender at no cost to you. Thank You.



EXHIBIT 2

0901119c8e37ff3c            USAA Confidential
Case 3:14-cv-00046-JWS   Document 1-1   Filed 03/07/14   Page 14 of 16

# FAX COVER LETTER

## RECIPIENT

| | |
|---|---|
| Recipient: | James W Crowson |
| Recipient's Company: | |
| Recipient's Fax: | 8774209613 |
| Comment: | |

## SENDER

| | |
|---|---|
| Sender: | Susan Marie LeClair |
| Sender's Company: | USAA |
| Sender's Telephone Number: | 1-800-531-8722 x. 40683 |
| Sender's Fax Number: | 1-800-531-8669 |
| USAA Reference Number: | 025247611 - 3 |

IMPORTANT: Please include your USAA Reference Number on all return transmissions.

**IF YOU DO NOT RECEIVE FULL TRANSMISSION, CALL SENDER**

**CONFIDENTIALITY NOTICE**
The information contained in this facsimile transmission is a **CONFIDENTIAL COMMUNICATION** and may be protected by one or more legal privileges. It is intended solely for the use of the recipient identified above. If you are not the intended recipient, you are hereby notified that reading, copying, or distributing this transmission is **STRICTLY PROHIBITED**. The sender has not waived any applicable privilege by sending the accompanying transmission. If you have received this transmission in error, please notify the sender immediately by telephone, and we will arrange to have the transmission returned at no cost to you.

Thank you.

0901119c8c81907e            USAA Confidential

0901119c8e37ff3c            USAA Confidential

USAA         5/24/2013 11:45:52 AM   PAGE   3/003   Fax Server



9800 Fredericksburg Road
San Antonio, Texas 78288

**USAA®**

JAMES W CROWSON                                         May 21, 2013
CROWSON LAW GROUP
255 E. FIREWEED LANE STE 103
ANCHORAGE AK 99503-2067

Reference: Howard Dash

Dear James W Crowson,

I am writing regarding the claim referenced below.

| | |
|---|---|
| Policyholder: | Howard S Dash |
| Reference #: | 025247611-3 |
| Date of loss: | October 16, 2011 |
| Location of loss: | Anchorage, Alaska |

This letter will give you permission to settle the Bodily Injury claim with Geico Insurance.

You may submit correspondence or questions to me. My contact information is:

| | |
|---|---|
| Address: | Auto Injury Solutions |
| | Attn: USAA Medical Mail Dept. |
| | P.O. Box 26001 |
| | Daphne, AL 36526 |
| Fax: | 1-866-828-2330 |
| Phone: | 1-800-531-8722 x. 40683 |

Sincerely,

*Sue LeClair*

Susan Marie LeClair
USAA MOUNTAIN STATES REGIONAL OFFICE
United Services Automobile Association
PO Box 659460
San Antonio, TX 78265
Phone: 1-800-531-8722 x. 40683
Fax Phone: 1-800-531-8669

025247611 - DM-04664 - 3 - 3616 - 60                                    54577-1012